United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40230
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MIGUEL ROMAN-HERNANDEZ, also known as Filemon Roman-Hernandez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-811
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    Miguel Roman-Hernandez (Roman) appeals the sentence he received for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326.  Roman argues that this court should vacate his sentence and remand his case for resentencing because the district court failed to indicate that it considered the factors set forth in 18 U.S.C. § 3553(a) when it imposed its sentence, as he believes is required by United States v. Booker, 543 U.S. 220 (2005).  Roman's argument is unavailing.  Because Roman's sentence was within a properly

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated guidelines range, this court infers that the district court considered all the factors for a fair sentence set forth in the Guidelines.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Roman also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Roman's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Roman argues that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Roman properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.